IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT FRIEDMUT DWERLKOTTE, JR.,**

    **Plaintiff,**

    v.                                CASE NO. 21-3264-SAC

**DERENDA MITCHELL, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

The court has conducted an initial screening of the Complaint and finds a responsive pleading is necessary. The Court directs the clerk of the court to undertake service of process under Fed. R. Civ. P. 4(c)(3).

Plaintiff has filed a motion for the appointment of counsel (Doc. 4). Plaintiff sets forth his unsuccessful attempts to obtain counsel on his own. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not

1

enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

Plaintiff has also filed a motion in limine (Doc. 5) seeking to exclude certain evidence regarding his disciplinary history. Because this case is in its initial stages and discovery has not been initiated, the request is premature. Therefore, the Court will deny the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** that the clerk of the court shall prepare waivers of service and transmit them to the Defendants. The Defendants shall have thirty (30) days from entry of this order to file a waiver of service executed or a waiver of service unexecuted. Upon the filing of the waiver of service executed, Defendants shall have sixty (60) days to answer or otherwise respond to the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine (Doc. 5) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated November 30, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
