IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT FRIEDMUT DWERLKOTTE, JR.,

    **Plaintiff,**

    v.                                                                                                      **CASE NO. 21-3264-SAC**

DERENDA MITCHELL, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This matter is before the Court on Plaintiff's Motion to Remove Attorney (Doc. 15) and motion seeking fees associated with service (Doc. 16).

The Court entered an Order (Doc. 8) finding that a responsive pleading is necessary and directing the Clerk of the Court to undertake service of process under Fed. R. Civ. P. 4(c)(3). Waivers were issued to Defendants Mitch Flesher, Derek Grimmell and Derenda Mitchell on November 30, 2021. Waivers were returned executed for Defendants Mitchell and Grimmell (Docs. 11, 12) and unexecuted for Defendant Flesher (Doc. 14).

In his motion seeking fees for service, Plaintiff seeks to have Defendant Flesher pay fees associated with service because this defendant failed to return a waiver of service that was sent to the Kansas Attorney General's Office in care of Defendant Mitchell. Defendant Mitchell has filed a response in opposition (Doc. 18) stating that Defendant Flesher in an independent contractor and not an employee of the State of Kansas. The Attorney General's Office is not

1

representing Defendant Flesher and in fact returned the waiver sent to the office as unexecuted. Therefore, Plaintiff's motion for fees is denied.

Plaintiff has also filed a motion seeking to remove the Assistant Attorney General from representing Defendant Mitchell because Mitchell works under the same office. Defendant Mitchell is the Director of the Sexually Violent Predator Unit. Plaintiff alleges, without explanation, that the Attorney General's representation of Mitchell would create a conflict of interest. Defendant Mitchell has filed a response in opposition to the motion (Doc. 17).

As the moving party, Plaintiff bears the burden of establishing grounds for disqualification. *See, e.g., Lowe v. Experian*, 328 F. Supp. 2d 1122, 1125 (D. Kan. 2004). This is a significant burden because "[C]ourts have historically been highly cynical of motions to disqualify opposing counsel, noting that such motions are often dilatory or tactical devices." *Miller v. Deutsche Bank Nat'l Trust Co.*, No. 12–cv–03278–PAB, 2013 WL 4776054, at *5 (D. Colo. Sept. 4, 2013) (citation omitted).

This Court has explained the reluctance to disqualify counsel absent extraordinary circumstances:

> "Disqualification of an attorney destroys an attorney-client relationship and deprives a party of representation of its own choosing and, therefore, should be reviewed 'with extreme caution.'" *Portfolio Recovery Assocs., LLC v. Dixon*, 366 P.3d 245, 254, 52 Kan.App.2d 365 (2016) (citations omitted). *LeaseAmerica Corp. v. Stewart*, 19 Kan.App.2d 740, 750, 876 P.2d 184 (1994)). "The right to be represented by counsel of choice is an important one, subject to override only upon a showing of compelling circumstances." *Chapman Engineers v. Natural Gas Sales Co.*, 766 F. Supp. 949, 954 (D. Kan. 1991).
>
>> The decision to disqualify an attorney chosen by a party to represent him in a lawsuit is of serious concern and the [court's] inherent power to do so should only be exercised where the integrity of the adversary process is threatened. Even then, the court should not act unless 'the offending attorney's

> conduct threatens to 'taint the underlying trial' with a serious ethical violation.'
>
> *Chrispens v. Coastal Refining & Mktg., Inc.*, 257 Kan. 745, 772–73, 897 P.2d 104 (1995) (citations omitted). *See also Beck v. Bd. of Regents of State of Kan.,* 568 F. Supp. 1107, 1110 (D.Kan.1983). Thus, the inquiry is whether the alleged malfeasance of defense counsel threatened the integrity of the adversary process. *Portfolio Recovery Assocs.*, 366 P.3d at 254.

*Fiscus v. Salazar*, No. 21-1127-EFM-KGG, 2021 WL 4149092 (D. Kan. Sept. 13, 2021).

Defendant Mitchell also argues that if counsel were disqualified, it would amount to the disqualification of the entire Kansas Attorney General's Office from representation of Mitchell, and such blanket disqualification is strongly disfavored. *See, e.g., United States v. Bolden,* 353 F.3d 870, 875 (10th Cir. 2003) (stating that where conflict of interest is shown, proper remedy is to remove individual, not all attorneys in the U.S. Attorney's office, and disqualifying entire office is almost always reversible error).

Plaintiff cites no legal authority nor provides any explanation as to how such employment constitutes a conflict of interest, unfairly disadvantages him, or prejudices these proceedings in any way. For the reasons set forth above, the Court denies the motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remove Attorney (Doc. 15) and motion seeking fees associated with service (Doc. 16) are **denied**.

**IT IS SO ORDERED**.

**Dated January 4, 2022, in Topeka, Kansas.**

> <u>s/ Sam A. Crow</u>
> **Sam A. Crow**
> **U.S. Senior District Judge**