IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT FRIEDMUT DWERLKOTTE, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-3264-DDC-KGG |
| | ) |
| DERENDA MITCHELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

On January 14, 2022, Defendants, Derenda Mitchell and Derek Grimmell, moved for an order staying all discovery in the case pending ruling on the currently pending motion to dismiss. (ECF No. 24). *Pro se* Plaintiff, Robert Dwerlkotte, Jr., filed two motions concurrently: (1) a motion to appoint counsel (ECF No. 27) and (2) a motion to stay the case (ECF No. 28) which the Court understands as a motion to delay briefing and disposition of the motion to dismiss. The Court will consider Defendants' motion to stay discovery and Plaintiff's motion to appoint counsel. Plaintiff's motion to stay the case will be subsequently ruled on by the District Judge because it impacts disposition of the motion to dismiss.

I.  **Motion to Stay Discovery**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586,

1

588 (10th Cir. 1963)); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, the Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. *McCoy*, 2007 WL 2071770, at *2.

It is well-established in the District of Kansas that discovery should not be stayed merely because a dispositive motion has been filed. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). However, there are recognized exceptions to this policy. A stay is appropriate where one or more of the following factors exist:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.

*Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). *See also Toney*, 2018 WL 5830398, at *1; *Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119–KHV, 2013 WL 6728323, at *1 (D. Kan. Dec.19, 2013). If one of these circumstances is present, a stay may be appropriate. *Wolf*, 157 F.R.D. at 495. *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

Defendants argue that all of these circumstances are present. (ECF No. 24, at 2–3). In response, Plaintiff filed his own motion to stay the case without time limitation. (ECF.

2

No. 28). Given that there is no disagreement between the parties, the Court agrees that a stay is appropriate in this case. A stay would prevent the waste of resources as well as allow issues to be potentially resolved through dispositive motions. Accordingly, the Court will stay discovery in this case until after the ruling on the pending motion to dismiss. Defendants' motion to stay discovery is **GRANTED.**

## II. Motion to Appoint Counsel

The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is

necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Plaintiff's motion contains repeated statements that he understands the factors the Court considers when ruling on a motion to appoint counsel. In addition to those statements, he provided a list of five attorneys/firms he has contacted to obtain representation. He contacted them by email or letter and received either no response or a response denying representation. Given Plaintiff's circumstances at Larned State Hospital, the Court is satisfied he has made sufficient effort to obtain counsel. However, the Court has additional concerns.

Plaintiff was previously committed to the custody of the Kansas Department of Aging and Disability services due to being found as a "sexually violent predator" under the Kansas Sexually Violent Prisoner Act (KSVPA), K.S.A. 59-29a01, *et seq.* The Kansas district court's order committing him to custody was affirmed on appeal. *See generally Matter of Dwerlkotte*, 484 P.3d 263 (Kan. Ct. App. 2021), *review denied* (July 13, 2021). Plaintiff brings § 1983 claims and other Constitutional claims seeking to be released from civil commitment. (ECF No. 1). The Court has reviewed the complaint and doubts whether Plaintiff brings viable claims and whether this Court can grant the relief sought.

At this stage of litigation, the Court does not find the appointment of counsel to be appropriate. As Plaintiff notes in his motion, "[w]hile the Court <u>may</u> appoint an attorney

4

to represent me, it does so only in rare cases." While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (ECF No. 27) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (ECF No. 24) is **GRANTED.**

**IT IS FURTHERED ORDRED** that Plaintiff's motion to appoint counsel (ECF No. 27) is **DENIED**.

    **SO ORDERED.**

    Dated at Wichita, Kansas, on this 1st day of February 2022.

    /S KENNETH G. GALE
    Kenneth G. Gale
    United States Magistrate Judge