IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT FRIEDMUT DWERLKOTTE, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DERENDA MITCHELL, et al.,**<br><br>**Defendants.** | Case No. 21-3264-DDC-KGG |

### MEMORANDUM AND ORDER

Plaintiff Robert Friedmut Dwerlkotte Jr., proceeding pro se,[1] brings this 42 U.S.C. § 1983 action against defendants Derenda Mitchell, Dr. Derek Grimmell, and Dr. Mitch Flesher. Doc. 1. Defendants Mitchell and Grimmell have filed a Motion to Dismiss (Doc. 22). This Order addresses two of plaintiff's pending motions: a "Motion to Stay Case Until an Appointment of Counsel is Ordered" (Doc. 28) and a "Motion to Stay and Ask the Court for Leave to Properly Submit and File 2254 and Allow Defendants Time to Respond" (Doc. 31). The court begins with the latter of the two motions, his request for a stay (Doc. 31). Construed liberally, this motion asks for three things.[2]

---

[1] Plaintiff proceeds pro se, so the court construes his filings liberally and holds them to "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become plaintiff's advocate. *See id*. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Plaintiff's motion also expresses concern about filing fees. The court notes that the filing fee for a § 2254 action is $5, and plaintiff can submit a motion for leave to proceed in forma pauperis in a § 2254 action.

*First*, the stay motion asks the court for leave to file a § 2254 motion. Doc. 31 at 1. When a party asks "for leave to file a pleading or other document that may not be filed as a matter of right," our local rules require that the party "attach the proposed pleading or other document[.]" D. Kan. Rule 15.1(a)(2). Plaintiff hasn't complied with this requirement—he hasn't attached the document he wants to file. *See* Doc. 31. So, to the extent plaintiff's motion asks the court for leave to file a § 2254 motion, the court denies plaintiff's request without prejudice.

*Second*, plaintiff's stay motion asks the court to send plaintiff "the proper 2254 forms[.]" Doc. 31 at 2. The court grants this request. The court directs the Clerk of our court to mail plaintiff a copy of the form used for filing a § 2254 petition. It's also available on the court's public website.

*Third*, plaintiff's stay motion requests 60 days to fill out the § 2254 paperwork. Doc. 31 at 2. This request is similar to the request in plaintiff's other pending motion—the "Motion to Stay Case Until an Appointment of Counsel is Ordered" (Doc. 28). This other motion asks the court to stay the case, appoint counsel to represent plaintiff, or, if the court doesn't appoint counsel, give him 60 days to respond to defendants' Motion to Dismiss. *See* Doc. 28. United States Magistrate Judge Kenneth G. Gale already has denied plaintiff's request for appointment of counsel. *See* Doc. 30. So, both of plaintiff's motions ask the court for 60 days to respond to defendants' Motion to Dismiss.

The court construes this request as a motion for an extension of time to respond to defendants' Motion to Dismiss (Doc. 22).[3] And the court grants this portion of plaintiff's request. Plaintiff must file his response to defendants' Motion to Dismiss by April 5, 2022.

---

[3] Plaintiff explains that he needs extra time to respond to defendants' motion because COVID-19 protocols at Larned State Hospital have reduced his access to legal materials. Doc. 28 at 1. Though

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion to Stay Case Until an Appointment of Counsel is Ordered" (Doc. 28)—construed as a motion for an extension of time to respond to defendants' Motion to Dismiss (Doc. 22)—is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion to Stay and Ask the Court for Leave to Properly Submit and File 2254 and Allow Defendants Time to Respond" (Doc. 31) is denied in part and granted in part. The court grants the portion of the motion that asks for 60 days to respond to defendants' Motion to Dismiss (Doc. 22). **Plaintiff must respond to defendants' Motion to Dismiss (Doc. 22) by April 5, 2022.** And the court grants plaintiff's request for the court to provide him with the court's publicly available § 2254 forms. The court directs the Clerk of the Court to send plaintiff a copy of the court's § 2254 form petition by first class mail. The court denies all other relief requested in the motion.

**IT IS SO ORDERED.**

**Dated this 7th day of February, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

plaintiff filed a "Motion to Stay," the relief plaintiff seeks is best construed as an extension of time to respond to defendants' motion.

Also, the court doesn't construe plaintiff's filing to seek an extension of time to file a § 2254 petition. Plaintiff never asks for that relief. And, he provides no information when the one-year period for filing a § 2254 motion expires. *See* 28 U.S.C. § 2244(d)(1) (codifying one year statute of limitations for § 2254 claims). Moreover, the court can't grant the relief when a party hasn't filed a § 2254 motion. *See United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001) ("[T]he question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed[.]"); *see also Braz v. Thaler*, No. 3:11-CV-0993-M(BK), 2011 WL 2314086, at *1 (N.D. Tex. May 20, 2011) (concluding the court lacked jurisdiction to consider petitioner's motion for extension of time to file § 2254 motion when no § 2254 motion had been filed because the motion failed to present a case or controversy).