## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT FRIEDMUT
DWERLKOTTE, JR.,

        Plaintiff,

v.

DERENDA MITCHELL, et al.,

        Defendants.

Case No. 21-3264-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Robert Friedmut Dwerlkotte, Jr., proceeding pro se,[1] brings this 42 U.S.C. §

1983 action against defendants Derenda Mitchell, Dr. Derek Grimmell, and Dr. Mitch Flesher.

Doc. 1.  Highly summarizing his dense Complaint, plaintiff argues that defendants violated his

constitutional rights in his state civil commitment proceedings under the Kansas Sexually

Violent Predator Act (KSVPA).  *See id.*  Plaintiff never served defendant Flesher with notice of

this suit.  And defendants Mitchell and Grimmell moved to dismiss this action because, they

assert, plaintiff must bring his claims under 28 U.S.C. § 2254—not 42 U.S.C. § 1983—and in

any event he's not entitled to the relief he seeks.  Doc. 22.  In response, plaintiff has filed a §

2254 petition.  *See* Doc. 36-1; *see also* Petition for Writ of Habeas Corpus, *Dwerlkotte v.*

*Howard*, No. 5:22-cv-03078-SAC (D. Kan. Apr. 15, 2022), ECF No. 1.

---

[1]       Plaintiff proceeds pro se, so the court construes his filings liberally and holds them "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not become plaintiff's advocate.  *See id.*  Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

On April 28, 2022, the court ordered plaintiff to show cause why the court should not grant the pending Motion to Dismiss as unopposed and dismiss defendant Flesher for failure to prosecute.  Doc. 39.  Plaintiff filed a Response (Doc. 40).  And he filed a Motion for Leave to Amend his Complaint (Doc. 43).

The court now is prepared to rule on defendants Mitchell and Grimmell's Motion to Dismiss (Doc. 22).  The court grants the motion and dismisses the Complaint against Mitchell and Dr. Grimmell.  The court denies plaintiff leave to amend his Complaint.  The court also dismisses defendant Flesher without prejudice for failure to prosecute.  The court explains these decisions, below.

## I.    Factual and Procedural Background[2]

The State of Kansas, through the office of its Attorney General, petitioned a state court to commit plaintiff under the KSVPA.  Defendant Mitchell is the director of the Sexually Violent Predator Unit within the Kansas Attorney General's Office.  Doc. 1 at 1 (Compl. ¶ A.2.).  Defendant Grimmell was employed as a Mental Health Supervisor at Hutchinson Correctional Facility.  *Id.* at 1–2 (Compl. ¶ A.3.).  Dr. Grimmell's job responsibilities included evaluating sexually violent predators for the State of Kansas.  *Id.*  In September 2016, Dr. Grimmell prepared a Clinical Services Report about plaintiff.  *Id.* at 3 (Compl. ¶ B.2.).  Defendant Flesher served as an Evaluator for the State of Kansas.  *Id.* at 2 (Compl. ¶ A.4.).  Dr. Flesher also wrote a Clinical Services Report about plaintiff.  *Id.* at 3 (Compl. ¶ B.4.).  A state court ordered plaintiff civilly committed to Larned State Hospital under the KSVPA.  *Id.* at 1 (Compl. ¶ A.1.).

---

[2]     The court accepts all of plaintiff's "well-pleaded facts as true," views the facts "in the light most favorable to [him], and draw[s] all reasonable inferences from the facts" in his favor.  *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).  The factual allegations in the Complaint are difficult to decipher, so the court does its best.

Plaintiff filed this action on November 15, 2021, asserting civil rights violations under §
1983.  *See generally id.*  Plaintiff alleges that the KSVPA commitment proceedings in which
defendants participated violate his Fifth, Sixth, and Fourteenth Amendment rights.  *See generally
id.*  His Complaint seeks immediate release from custody.  *Id.* at 19.

Plaintiff has not served defendant Flesher.  *See* Doc. 14.  Meanwhile, defendants Mitchell
and Grimmell filed a Motion to Dismiss under Fed. R. Civ. P 12(b)(1) and 12(b)(6).  Doc. 22.
Part of their motion argues that plaintiff had sued improperly under § 1983 and, instead, plaintiff
should have filed a 28 U.S.C. § 2254 petition.  *See* Doc. 23 at 2–4.  Plaintiff responded to the
Motion to Dismiss and argued that the court should construe his § 1983 claim as a habeas case
under § 2254.  Doc. 36 at 2.  But he conceded the larger point, agreeing in his Response that a §
1983 "action by [a] confined person seeking release from confinement rather than damages
should be categorized as [a] habeas action."  *Id.*  And, attached to the Response, plaintiff
included a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  *See* Doc. 36-1.  The
court responded to this submission by opening a new case for plaintiff's § 2254 petition.  *See*
Petition for Writ of Habeas Corpus, *Dwerlkotte v. Howard*, No. 5:22-cv-03078-SAC (D. Kan.
Apr. 15, 2022), ECF No. 1.

After plaintiff responded to the Motion to Dismiss, the court issued a Notice and Order to
Show Cause (Doc. 39).  The court noted that plaintiff appeared to agree with defendants Mitchell
and Grimmell's Motion to Dismiss that he must bring his claims under 28 U.S.C. § 2254—not
42 U.S.C. § 1983.  Doc. 39 at 4.  So, the court ordered plaintiff to show good cause why it
shouldn't grant the Motion to Dismiss *this* action—No. 21-3264-DDC-KGG—as unopposed.  *Id.*
The court's Notice and Order to Show Cause also explained that plaintiff has failed to serve
defendant Flesher.  *Id.*  It ordered plaintiff to show good cause why it shouldn't dismiss

defendant Flesher because plaintiff failed to serve him within the time requirements imposed by Rule 4(m).  Doc. 39 at 5.

Plaintiff timely responded to the court's Notice and Order to Show Cause.  Doc. 40.  His Response repeats his arguments that the court should construe his § 1983 action as a habeas action and asks the court to stay this § 1983 action while his § 2254 petition proceeds.  *Id.* at 4.  And he asks the court "to not disqualify" defendant Flesher.  *Id.* at 4–5.  Plaintiff asserts he has "never understood why [counsel for defendants Mitchell and Grimmell] does not legally represent all (3) defendants and why he did not forward [the] summons waiver to Flesher."  *Id.* at 5.  Plaintiff also asserts that the "facility policies" of the Kansas Department of Aging and Disabilities prevent him from knowing defendant Flesher's address.  *Id.*  Plaintiff's filings also mention that he plans to ask the court for permission to amend his Complaint.  *See, e.g.*, Doc. 40 at 3 ("However, the plaintiff will ask the Court for permission to amend the U.S.C. 1983 relief, from immediate release, to a monetary relief.").  Later, he filed a document that the court construes as a Motion for Leave to Amend (Doc. 43).

With that background in mind, the court now is prepared to rule on defendants Mitchell and Grimmell's Motion to Dismiss and plaintiff's Motion for Leave to Amend.  The court also considers plaintiff's failure to serve defendant Flesher.  But, first, it recites the legal standard governing motions to dismiss.

## II.   Legal Standard

Defendants Mitchell and Grimmell ask the court to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."

*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331–32.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction bears the burden to prove it exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.    Analysis

#### A.    Motion to Dismiss by Defendants Mitchell and Grimmell

Defendants Mitchell and Grimmell argue that the relief plaintiff seeks—release from confinement—is not an available remedy under 42 U.S.C. § 1983.  Doc. 23 at 2.  They argue that plaintiff "should have filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254." *Id.* at 2–3.  Defendants correctly explain the distinction between § 1983 claims and § 2254 petitions. Litigants "may use § 1983 to challenge the *conditions* of [their] confinement, but habeas corpus [§ 2254] is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the [litigant's] immediate or speedier release from that confinement." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973)).  Plaintiff's Response agrees with this distinction. *See* Doc. 36 at 2 ("1983 action by confined person seeking release from confinement rather than damages should be categorized as habeas action.").  And, attached to his Response to the Motion to Dismiss, plaintiff included a "Petition Under 28 U.S.C. [§] 2254 for Writ of Habeas Corpus[.]" *See* Doc. 36-1.  Plaintiff's § 2254 proceedings are now underway.  *See* Petition for Writ of Habeas Corpus, *Dwerlkotte v. Howard*, No. 5:22-cv-03078-SAC (D. Kan. Apr. 15, 2022), ECF No. 1.

The court's Notice and Order to Show Cause also reviewed this line of authority and this case's procedural history, concluding that plaintiff appears to agree with the gist of the Motion to Dismiss.  Doc. 39 at 3–4.  But plaintiff's Response to the Notice and Order to Show Cause merely repeats the same arguments he made in his Response to defendants' Motion to Dismiss. *Compare* Doc. 40 at 4 *with* Doc. 36 at 2.  First, it argues the court should construe his § 1983 action as a § 2254 case.  Doc. 40 at 4.  But, as explained in the court's Notice and Order to Show

Cause, the court declines to do so.  Instead, plaintiff's § 2254 case will proceed in a separately

numbered action.  Second, plaintiff appears to imply that the court should stay this § 1983 case

while he litigates his § 2254 petition.  *Id.* (citing *Post v. Gilmore*, 111 F.3d 556 (7th Cir. 1997)).

The authority plaintiff cites for this proposition is non-binding, out-of-Circuit authority.  And it's

inapposite to plaintiff's position.  *Post* merely suggests that in "unusual circumstances" the court

should stay the § 2254 action—not the § 1983 action.  *Post*, 111 F.3d at 557.  Plaintiff hasn't

shown any unusual circumstances.  And he hasn't provided the court with any authority

suggesting the court can stay this action while he litigates his § 2254 petition.  The court thus

declines the stay sought by plaintiff's Response.

Plaintiff's Complaint also seeks injunctive relief.  Defendants Grimmell and Mitchell's

Motion to Dismiss argues that he is not entitled to injunctive relief.  Doc. 23 at 4–7.  Plaintiff's

Response doesn't address defendants' arguments about injunctive relief.  *See generally* Doc. 36.

The court thus considers this part of defendants' Motion to Dismiss unopposed and grants that

aspect of the motion.[3]

---

[3]      Plaintiff's initial Complaint asks this court to:  (1) enjoin the Kansas Attorney General's office
and Kansas state courts from violating due process rights; (2) order Kansas state courts and the Kansas
Attorney General's office to follow certain legal definitions when applying the KSVPA; (3) bar the state
from bringing new commitment proceedings against plaintiff if the court releases him; and (4) bar the
Kansas state legislature from making the KSVPA retroactive.  Doc. 1 at 20–22.  Even if the claims are not
frivolous, the Kansas Attorney General's Office, the State of Kansas, the Kansas state courts, and the
Kansas state legislature are not parties to this lawsuit.  And, if he had named these entities as defendants,
plaintiff would have faced a formidable foe:  sovereign immunity.  The court realizes that the *Ex Parte
Young* doctrine would allow plaintiff to bypass sovereign immunity for some forms of relief, *e.g.*,
prospective injunctive relief.  *See* 209 U.S. 123 (1908)*; see also Verizon Md., Inc. v. Pub. Serv. Comm'n
of Md.*, 535 U.S. 635, 645 (2002).  But the *Ex Parte Young* doctrine can't save the plaintiff's request for
injunctive relief here.  209 U.S. 123.  The *Ex Parte Young* exception to Eleventh Amendment Immunity
only applies to suits against "state officials, rather than the state itself[.]"  *Lewis v. N.M. Dep't of Health*,
261 F.3d 970, 975 (10th Cir. 2001).  Thus, plaintiff's request for injunctive relief against the state, its
agencies, its courts, and its legislature inevitably fails.  Indeed, plaintiff appears to agree—his proposed
Amended Complaint omits three of these four requests.  *See generally* Doc. 43.

The court concludes that plaintiff has failed to show good cause why it should not grant defendants Mitchell and Grimmell's Motion to Dismiss (Doc. 22). In sum, plaintiff filed a § 1983 action. He should have filed a § 2254 petition because the court can't grant him the relief he seeks under § 1983. Plaintiff agreed with the distinction and filed a § 2254 petition. Also, plaintiff doesn't contest defendants' arguments about injunctive relief (nor could he). The court thus grants defendants Mitchell and Grimmell's Motion to Dismiss (Doc. 22) under Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to state a claim upon which relief can be granted in a § 1983 action.

## B.     Motion for Leave to Amend (Doc. 43)

Next, the court addresses plaintiff's latest filing: Doc. 43. The court mistakenly believed that this document was the same document as plaintiff's Complaint. And it construed the filing as a Supplemental Response. But after deeper review, the court now understands that plaintiff's latest filing seeks to amend his requests for relief. The court thus vacates its prior Order (Doc. 42). And, going forward, the court liberally construes Doc. 43 as a Motion for Leave to Amend plaintiff's Complaint and considers Doc. 43 the proposed Amended Complaint. Specifically, plaintiff's proposed Amended Complaint seeks to amend his requests for relief. Doc. 43 at 19–20. Plaintiff wants to remove his original request for immediate release from custody. *See* Doc. 1 at 19. His proposed Amended Complaint also removes his requests for certain forms of injunctive relief. *Compare* Doc. 1 at 18–21 *with* Doc. 43 at 19–22. Instead, plaintiff seeks to amend his Complaint to pursue monetary and punitive damages and one form of injunctive relief. Doc. 43 at 19–22. Before it considers these requests, the court recites the legal standard governing such amendments.

Fed. R. Civ. P. 15(a)(2) governs amended pleadings and provides that "[t]he court should freely give leave" to amend "when justice so requires." But "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotation cleaned up). Below, the court considers whether the proposed Amended Complaint's request for monetary and punitive damages is futile. Then, the court considers whether the proposed Amended Complaint's request for injunctive relief is futile.

Plaintiff's proposed Amended Complaint doesn't provide any new factual allegations. Instead, it asks for leave to amend plaintiff's requests for relief—he wants to pursue monetary and punitive damages. Doc. 43 at 19. But *Heck v. Humphrey*, 512 U.S. 477 (1994) bars this relief because awarding plaintiff damages would imply that his commitment is invalid. *See Kelner v. Harvin*, No. 10-3127-SAC, 2011 WL 1559457, at *5–6 (D. Kan. Apr. 25, 2011) (applying *Heck* to plaintiff's complaint about his pretrial detention under the KSVPA). In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (quotation cleaned up). The "rule in *Heck* is not limited to claims challenging the validity of criminal convictions." *Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009) (collecting cases and citing, among others, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to § 1983 claim challenging civil commitment proceedings under California's Sexually Violent Predators Act)). *Heck* also applies to § 1983

claims alleging procedural defects if "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *see also Huftile*, 410 F.3d at 1140–41.

Here, the monetary and punitive damages sought in plaintiff's proposed Amended Complaint necessarily imply that his commitment under the KSVPA is invalid.  Plaintiff's damage claims rest on his argument that his detention is invalid.  He argues his detention is invalid because the civil commitment proceedings violated his constitutional rights.  If established, plaintiff's allegations would show that defendants Grimmell and Flesher made illegitimate diagnoses of plaintiff and committed a variety of procedural errors in the state commitment proceedings thus violating plaintiff's constitutional rights.  It's clear that plaintiff— in both his Complaint (Doc. 1) and his proposed Amended Complaint (Doc. 43)—challenges the *fact* of his commitment under the KSVPA.  *See, e.g.*, Doc. 43 at 2 (explaining that one of the questions of law for the court to decide is whether the KSVPA is "sound and constitutional in its current written form as it pertains to" plaintiff).  His challenge thus "necessarily . . . impl[ies] the invalidity of the judgment." *Edwards*, 520 U.S. at 645.  So, plaintiff 's proposed Amended Complaint runs afoul of *Heck*—its damages are "not cognizable under § 1983." *Heck*, 512 U.S. at 487.  The proposed Amended Complaint's request for monetary and punitive damages is futile.

Plaintiff's proposed Amended Complaint also appears to seek injunctive relief. Specifically, it asks the court to order "the District Courts within Kansas, the Kansas Attorney General's office[,] [t]he Kansas Court of Appeals and the Kansas Supreme Court" to follow certain legal definitions when applying the KSVPA.  Doc. 43 at 21.  None of these entities are

parties to this suit.  And, even if they were, Eleventh Amendment immunity would bar suit against them in federal court.  *See supra* n.3.  Thus this request is also futile.

In sum, plaintiff's proposed Amended Complaint fails to state a cognizable claim for relief.  Plaintiff's Amended Complaint proposes futile amendments because "the complaint, as amended, would be subject to dismissal."  *Bradley*, 379 F.3d at 901.  The court thus denies plaintiff's Motion for Leave to Amend (Doc. 43).

C.      **Defendant Flesher**

This analysis leaves plaintiff's suit against Dr. Flesher.  The court thus considers whether plaintiff has shown good cause for his failure to serve defendant Flesher.  Some background will help.

Plaintiff filed his Complaint on November 15, 2021.  Doc. 1.  On November 30, 2021, District Judge Sam A. Crow directed the Clerk of the Court to "prepare waivers of service and transmit them to the Defendants" under Fed. R. Civ. P. 4(c)(3).  Doc. 8 at 2; Doc. 19 at 1. Plaintiff provided the same address for all three defendants:  the Kansas Office of Attorney General.  Doc. 1-1; Doc. 1-2; Doc. 1-3.  But the waiver of service for defendant Flesher returned unexecuted.  Doc. 14.  On December 10, 2021, the Kansas Attorney General's Office informed plaintiff that defendant Flesher works as an independent contractor for the State of Kansas.  So, the Attorney General's Office does not represent him and cannot accept service on his behalf. Doc. 18 at 1.

Plaintiff never remedied this service problem.  On April 28, 2022, the court ordered plaintiff to show cause why the court should not dismiss his claims against Dr. Flesher for failing to comply with Fed. R. Civ. P. 4(m).  Doc. 39.  Though the Clerk of the Court sent waivers of service to defendants for plaintiff, the court's Show Cause Order explained to plaintiff that "it is

his responsibility to provide current addresses for service on defendants." Doc. 39 at 5. Plaintiff timely responded. Doc. 40. His Response asserts that he "is disallowed to know the factual or physical address of . . . Dr. Mitch Flesher in accord with facility policies[.]" *Id.* at 5. Plaintiff also asserts that he doesn't understand why counsel for defendants Grimmell and Mitchell refuses to represent Dr. Flesher. *Id.* With that background, the court now recites the relevant law.

Fed. R. Civ. P. 4(m) provides a time limit for plaintiffs to serve defendants with notice of a lawsuit: 90 days after the complaint is filed. If plaintiff fails to serve a defendant within that time, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But, if plaintiff shows good cause for his failure to serve a defendant within 90 days, the court "must extend the time" for plaintiff to effect service. *Id.*

The Tenth Circuit has established a two-step inquiry to evaluate the plaintiff's failure to effect service within the deadline established by Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Okla. ex rel. Bd. of Regents v. Fellman*, 153 F. App'x 505, 506–07 (10th Cir. 2005). *First*, the court must determine whether a plaintiff has shown good cause for failing to obtain service—if so, then the plaintiff is entitled to an extension of time to effect service. *Espinoza*, 52 F.3d at 841. *Second*, if the plaintiff fails to show good cause, the court still must decide whether a permissive extension of time is warranted or whether the court should dismiss the case without prejudice. *Id.* "The plaintiff who seeks to rely on the good cause provision [of Rule 4] must show meticulous efforts to comply with the rule." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Here, plaintiff has failed to show meticulous efforts to comply with Rule 4.  After the Kansas Attorney General's office returned the waiver of service for Dr. Flesher unexecuted, plaintiff did nothing.  Instead, he blamed defense counsel for defendants Mitchell and Dr. Grimmell for declining to represent Dr. Flesher.  But defense counsel bears no obligation to represent a party who does not work for the State.  Defense counsel's reasonable actions don't constitute good cause for plaintiff's failure to serve Dr. Flesher.

Dr. Flesher's waiver of service returned to the court unexecuted on December 10, 2021.  In the last six months, plaintiff took no further action to serve Dr. Flesher, despite knowing that he had failed to serve Dr. Flesher.  He blames a facility policy that doesn't allow him to know Dr. Flesher's address.  But he proposes no remedy for this problem and doesn't claim he's made any efforts to find a solution.  And a "pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).  Plaintiff has failed to show "meticulous efforts" to meet that obligation. *In re Kirkland*, 86 F.3d at 176.  The facility policies thus don't constitute good cause for plaintiff's failure to serve Dr. Flesher.

Plaintiff failed to show good cause, so the court must address the second step of the Rule 4(m) inquiry:  whether a permissive extension of time is warranted or whether the court should dismiss the case without prejudice. *Espinoza*, 52 F.3d at 841.  Again, plaintiff proposes no solution for his failure to serve Dr. Flesher other than conscripting the services of an attorney with no obligation to represent Dr. Flesher.  This response won't solve the problem.  So, the court doesn't see any purpose an extension of time would serve.  The court thus dismisses the case against Dr. Flesher without prejudice for failing to effect service under Fed. R. Civ. P. 4(m).

## IV.      Conclusion

Plaintiff has failed to state a claim for cognizable relief under 42 U.S.C. § 1983.  The court thus grants defendants Mitchell and Grimmell's Motion to Dismiss (Doc. 22) and dismisses plaintiff's Complaint (Doc. 1) under Fed. R. Civ. P. 12(b)(6).  And the court denies plaintiff's Motion for Leave to Amend (Doc. 43) because the proposed amendment is futile.  Though plaintiff's proposed Amended Complaint is futile currently, *Heck* envisions a § 1983 plaintiff bringing such an action after "a federal court's issuance of a writ of habeas corpus."  512 U.S. at 487.  Plaintiff is currently litigating his habeas corpus petition in another case pending before our court.  The court thus dismisses plaintiff's Complaint without prejudice.

The court also concludes that plaintiff has failed to show good cause for his failure to serve defendant Flesher.  The court thus dismisses the Complaint against Dr. Flesher without prejudice as required by Fed. R. Civ. P. 4(m).

**IT IS THEREFORE ORDERED BY THE COURT** that defendants Derenda Mitchell and Dr. Derek Grimmell's Motion to Dismiss (Doc. 22) is granted and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED BY THE COURT** that the court's June 14, 2022, Order (Doc. 42) is vacated, and directs the Clerk to file Doc. 43 as a "Motion for Leave to Amend Complaint."

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion for Leave to Amend his Complaint (Doc. 43) is denied.

**IT IS FURTHER ORDERED BY THE COURT** that defendant Mitch Flesher is dismissed without prejudice.

Consistent with this Order, the court directs the Clerk to close this case.

14

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2022, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**